BENWOOD IRON-WORKS COMPANY *v.* AMOS TAPPAN.

1. PRACTICE.   *Entry of verdict and judgment.   Presumption in favor of action of the court.*
   Where a verdict and judgment, entered on one day of a term of the Circuit Court, was erased on the next day, at the same term, by order of the court, and a new entry of the verdict made, but no entry of judgment, it must be presumed, the record here not showing what induced the action of the court, that such action was correct.

2. SAME.   *Entry of verdict without judgment.   Bankruptcy, how availed of.*
   The jury returned a verdict for plaintiff, which was entered without a judgment, and the defendant was given leave to file a plea of bankruptcy; and, under

such leave he filed a statement of the adjudication of his bankruptcy. At a subsequent term of the court, the plaintiff moved for a judgment *nunc pro tunc* on the verdict in his favor. The defendant made a counter-motion to set aside the verdict, in order that he might plead his discharge in bankruptcy, which he had then obtained. The plaintiff's motion for judgment and the defendant's motion to set aside the verdict were heard together, and both overruled; but leave was given the defendant to file his plea of discharge in bankruptcy, and he accordingly did so. About a year thereafter, a judgment of *non pros.* was entered against the plaintiff. *Held,* that the court should have set aside the verdict, to give the defendant an opportunity to plead his discharge in bankruptcy, in order that the case might be finally disposed of.

3. Same. *Power of court to vacate a verdict.*

The Circuit Court has the power to vacate a judgment, on sufficient grounds, upon *audita querela,* or upon motion; and it has the power to vacate a verdict under such circumstances as it would vacate a judgment.

4. Same. *Setting aside order of dismissal. Showing therefor.*

Upon an agreement of the parties, by their attorneys, in open court, the case was dismissed at the defendant's cost. At a subsequent day of the same term, upon the motion of the plaintiff, the order of dismissal was set aside and the case reinstated, with the condition that the costs paid by the defendant in pursuance of the order of dismissal should be refunded by the plaintiff before the end of the term of court. The motion was supported by the statement of the plaintiff's attorney, that he had consented to the order of dismissal improvidently, and without due consideration, and that he feared his client might suffer thereby; and by proof of the fact that the defendant had paid the costs, under the order of dismissal, after notice of plaintiff's motion. *Held,* that there is no error in the action of the court in setting aside the order of dismissal and reinstating the case.

Error and cross-error to the Circuit Court of Warren County.

Hon. T. A. Marshall, Special Judge, presiding by agreement of parties, Hon. U. M. Young being disqualified.

The opinion of the court contains a full statement of the case, except as to the following particulars: On the 5th of March, 1877, the court made an order reciting that the defendant had agreed to pay all the costs in consideration of having the case dismissed, and that, upon the plaintiff's motion, it was ordered that the case be dismissed at the defendant's cost. At a subsequent day of the term, upon the motion of the plaintiff, the order of dismissal was set aside and the case reinstated upon the docket, upon the condition that the costs

paid by the defendant under the order of dismissal should be refunded to him by the plaintiff during the term of court. Upon the hearing of this motion, the counsel for the plaintiff stated to the court that he had consented to the entry of the order of dismissal improvidently, and without due consideration, and that he feared his client might suffer thereby. It was also shown that the defendant had paid the costs of the case, under the order of dismissal, after notice that the motion to set aside that order had been made.

To the final judgment rendered on the 4th of June, 1877, the effect of which is stated in the opinion of the court, the parties each sued out a writ of error. The plaintiff assigned for error, (1) that the court below erased the judgment entered on the 13th of April, 1874; (2) the overruling of plaintiff's motion for judgment *nunc pro tunc*, made on the 28th of March, 1876, and granting leave to defendant to file his plea in bankruptcy; and (3) the entry of the judgment of *non pros.*, on the 4th of June, 1877. The defendant assigned for error the action of the court (1) in setting aside the order of dismissal made on the 5th of March, 1877, and reinstating the case; and (2) in overruling defendant's motion to set aside the verdict, in order that he might plead his discharge in bankruptcy. The history of these points assigned for error is set forth in the opinion of the court.

*Owen McGarr*, for Benwood Iron-Works Company.

1. The verdict should have been followed immediately by the judgment of the court. In the absence of any motion in arrest, the judgment is the necessary conclusion from the verdict, and follows as a matter of course. It was substantially equivalent to a judgment, and the latter only the formal conclusion. Tidd's Pr. 930.

2. The motion made at a subsequent term for the entry of the judgment should have been sustained. "A verdict, though no judgment be entered on it, is evidence of the plaintiff's demand, unless it be stayed or set aside, and the plaintiff is entitled to a judgment on it at any time before it is barred by

the Statute of Limitations." *Person & Marye* v. *Barlow*, 6 Geo. 174. See also *Gray* v. *Thomas*, 12 Smed. & M. 111; Tidd's Pr. 932.

3. It was too late, after verdict, for the defendant to plead his bankruptcy, and his plea then filed was a nullity, and could not impair or affect the force of the verdict or the rights of the plaintiff acquired thereby. A State court cannot take judicial notice of proceedings in bankruptcy. "Where the power of the State court is subject to be impeached, it cannot be done except upon the intervention of the assignee, who shall state the facts and make the proof necessary to terminate such jurisdiction." *Doe* v. *Childress*, 21 Wall. 643. See also *Eyster* v. *Gaff*, 1 Otto, 521; *Kent* v. *Downing*, 44 Ga. 116; *Hiber* v. *Klanberg*, 4 Cent. L. J. 342; *Cutter* v. *Evans*, 115 Mass. 29. By sect. 21 of the Bankrupt Act, it is only upon the application of the bankrupt that a suit in a State court shall be stayed, and then where there is no "unreasonable delay" on his part. The same diligence is required of a defendant in making the defence of bankruptcy that is required of a defendant in making any other valid defence. *Higo* v. *Hoffman & Co.*, 17 Nat. Bank. Reg. 124. Here, the defendant did not interpose his defence of bankruptcy until nearly five years after the petition in bankruptcy was filed. As to the diligence required, see also 102 Mass. 472; 3 Am. Law Rep. 483; 7 Allen, 458; 15 Kan. 595.

*A. B. Pittman*, on the same side, filed a brief, and cited the following authorities: —

1. On the point that the suggestion of bankruptcy after verdict could only be made or heard for the purpose of having the verdict set aside, to admit the plea of discharge: *Rudge* v. *Rundle*, 1 N. Y. 649; *Manwaring* v. *Kouns*, 35 Texas, 171; *Lee* v. *Phillips*, 6 Hill, 246; *Bradford* v. *Rice*, 102 Mass. 474; *Palmer* v. *Merrill*, 57 Me. 26.

2. On the point that, the court having refused to set aside the verdict to admit the defendant's plea of discharge, he could not avail of his bankruptcy: *West Philadelphia Bank* **v.**

*Dickson*, 95 U. S. 180 ; *Bracken* v. *Johnston*, 4 Cent. L. J. 9 ; 21 Wall. 643 ; 1 Otto, 525 ; 4 Cent. L. J. 342.

*Owen McGarr* and *A. B. Pittman* also made oral arguments in the case.

*T. C. Catchings*, for Amos Tappan.

1. The defendant's application to stay the proceedings, though made after verdict, was in due time, being before final judgment.    U. S. Rev. Stat., sect. 5106.

2. But if the defendant had permitted judgment final to be entered against him without having applied for a stay of the proceedings, inasmuch as he had not received his discharge, and therefore could not have pleaded it, he would still, in some form or other, by *audita querela*, motion to stay execution, or injunction, have been entitled to set up his discharge in bankruptcy in bar of his liability.    *Keeting* v. *Arthur, Stone & Co.*, 27 La. An. 570 ; *McDonald* v. *Ingraham*, 1 Geo. 389 ; 7 Abb. Pr. 212 ; *Ewing* v. *Peck & Clark*, 17 Ala. 341 ; *Graham* v. *Pierson*, 6 Hill, 247 ; 31 N. H. 449.

3. The Bankrupt Act of 1867, in providing for a stay of proceedings after bankruptcy, changed the rules of pleading so that the defendant below was entitled to plead his discharge in bar, after verdict, that being the stage which the proceedings had reached when they were stayed.

4. The court had no power to reinstate the case after the dismissal thereof.    The agreement to dismiss was one which the plaintiff's attorney had perfect legal authority to make. Weeks on Attorneys, sect. 222.

5. The action of the court in refusing to set aside the verdict, to permit the defendant to plead his discharge in bankruptcy, was erroneous.

6. Whether the proceedings have been formal or not, it appears from the whole record that the result obtained is correct and just, and it should not be disturbed.

*Buck & Clark*, on the same side, filed a lengthy brief, containing, amongst others, the following points : —

1. The plaintiff's writ of error is to a judgment of *non pros.*,

which is similar to a judgment of nonsuit. *Kain* v. *May*, 5 Smed. & M. 368. A plaintiff who suffers a nonsuit is not entitled to a writ of error. *Thornton* v. *Demoss*, 5 Smed. & M. 609 ; 3 How. 332 ; 2 Smed. & M. 519 ; *Evans* v. *Phillips*, 4 Wheat. 73.

2. Even though the defendant be regarded as guilty of laches in failing to suggest his bankruptcy before the verdict, still it is within the discretion of the court to relieve him of the consequences thereof, and allow him to plead his discharge. *World Co.* v. *Brooks*, 7 Abb. Pr. 212 ; *Ex parte Foster*, 2 Story, 131.

*I. C. Catchings*, of counsel for Tappan, argued the case orally.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error obtained a verdict against the defendant on the 14th of April, 1874, but no judgment was rendered on this verdict. There is in the record a verdict and judgment entered on the 13th of April, 1874, but marked across the face, "Error," and thus erased by order of the court, as it appears, and the entry of the verdict spoken of in its stead. We are not informed by a bill of exceptions why the court ordered the entry of verdict and judgment to be erased, and a verdict to be entered without a judgment ; but it is to be inferred, from entries on the record of the same date, that it was brought to the notice of the court that the defendant had been adjudicated a bankrupt, and that on the application of the bankrupt the cause was stayed. It must be assumed that the action of the court was correct, it not appearing upon what showing such action was had. Leave was given by the court to the defendant to file " his plea of bankruptcy," and on the 14th of April, 1874, he did file what is denominated in the record his " plea in bankruptcy," which consists of an allegation that, after the institution of this suit, he was adjudicated a bankrupt, and a copy of the adjudication was filed. Afterwards, on the 28th of March, 1876, the plaintiff moved the court to enter judgment *nunc pro tunc* on the verdict

aforesaid, of the 14th of April, 1874.   The defendant opposed said motion with a formal statement that since said verdict he had been duly discharged in bankruptcy, and set forth his discharge, and averred that the debt of plaintiff was a provable claim against the estate of the bankrupt; and urged that a motion he had made to set aside the verdict aforesaid, in order to allow him to plead his discharge in bankruptcy to the action, should be heard and granted.   A formal motion to this effect was filed by the defendant.

The motion of plaintiff for judgment on the verdict, and defendant's motion to set aside the verdict and allow him to plead his discharge, were heard together, and both were over-ruled; but leave was given to the defendant to file his plea setting up his discharge in bankruptcy, and such plea was filed under this leave, on the 24th of June, 1876.   On the 4th of June, 1877, the plaintiff not having taken any notice of the plea of defendant, and, being called, came not, and not prosecuting the suit, it was considered by the court that plaintiff take nothing by said suit, and that defendant recover costs.

The situation of this case is remarkable.   The plaintiff has a verdict unavailing to it, because there is no judgment.   It sought to obtain a judgment, and failed, because, since the verdict, defendant had been discharged in bankruptcy.   The defendant objected to a judgment on the verdict, because he had been discharged from the debt sued on since the verdict, and sought to have the verdict set aside, in order that he might plead his discharge.   The court refused to render the judgment plaintiff demanded, and refused to set the verdict aside, but gave leave to the defendant to plead his discharge, and he did so.

It is clear that the plaintiff is not entitled to judgment on the verdict, if, since its rendition, the defendant has been discharged as a bankrupt from the debt for which the verdict was given.   It was proper for the court to refuse the motion of plaintiff for a judgment, and it was the duty of the court to put it in the power of the defendant to avail himself of his

discharge as a bankrupt since the date of the verdict. The proper course was, to set aside the verdict, that defendant might plead his discharge. In this way the litigation may be ended. Refusing to disturb the verdict, and entering judgment of *non pros.* against plaintiff for failing to reply to the defendant's plea to the motion for judgment, or to further prosecute his suit, leaves the plaintiff with a verdict against defendant undisposed of, on which recurring motions for judgment may often be made. To set aside the verdict and allow defendant to plead, will enable the court to finally dispose of the action, and this we think the better practice. The court has power to vacate a judgment on sufficient grounds, upon *audita querela,* or upon motion, and it has power to vacate a verdict under such circumstances as it would vacate a judgment. We are confident that plaintiff cannot have judgment if, since the verdict, defendant has been discharged from the debt. We are at a loss to determine the correct practice in such circumstances as this case presents. Believing the better practice to be as indicated herein, we will adopt it.

We find no fault with the action of the court in setting aside the dismissal of the case.

We reverse the judgment and set aside the verdict, and allow the defendant to plead his discharge in bankruptcy, and remand the case for further proceedings.